# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN K. STEELE,
Plaintiff,

Case No. 1:19-cv-00705
Black, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff John Steele, proceeding pro se, originally filed this action in the Hamilton County, Ohio Court of Common Pleas on July 25, 2019. (Doc. 1-3; *see also* Doc. 4). He named as defendants the United States, "assessment officer" Benjamin F. Ray, Department of Justice (DOJ) witness Rebecca Pomatto, United States District Court Judge Gregory F. Van Tatenhove, and United States Attorney General William P. Barr. The United States, which is represented by the DOJ, removed the action to this Court pursuant to 28 U.S.C. § 1442.[1] (Doc. 1). Plaintiff moved to remand the matter to state court on September 10, 2019. (Doc. 5). The United States opposes plaintiff's motion to remand. (Doc. 6).[2]

## I. Allegations of the complaint

Plaintiff's complaint alleges that defendants violated his federal constitutional and other rights in the course of a prior civil suit which the United States brought against him on behalf of

---

[1] Section 1442 authorizes the removal of a civil action against or directed to the United States, its agencies, and its officers, in an official or individual capacity, and any officer of its courts, for any act under color of office. 28 U.S.C. § 1442(a).

[2] It appears the motion to remand was filed by the DOJ only on behalf of the United States. The DOJ states in its response that it "files this response on behalf of the United States"; it does not appear Pomatto and Ray have been properly served as of the date of the response; and the DOJ "does file this response on behalf of any other defendants, and they do not appear at this time." (Doc. 6 at 1, n.1). The Court assumes the DOJ committed a typographical error and intended to state that it "does *not* file" its response on behalf of any other defendant.

the Internal Revenue Service (IRS) for failure to pay federal income taxes. *See United States v. Steele*, No. 3:16-cv-00095, 2018 WL 298778 (E.D. Ky. Jan. 3, 2018) (the federal tax case). In support of a motion for partial summary judgment filed in that case, the United States provided Certificates of Assessment for ten tax years and a sworn statement by Pomatto, an IRS Revenue Officer, setting forth Steele's total indebtedness to the United States. (*Id.* at *2). Judge Van Tatenhove granted the United States' motion and found that plaintiff was "indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54 as of October 31, 2016." (*Id.* at *3). Judge Van Tatenhove granted a consent motion for the disbursement of funds (*See* Case No. 3:16-00095, Doc. 117) and dismissed the lawsuit on September 3, 2019 (*Id.*, Doc. 118). Plaintiff appealed the Court's Order on Motion for Disbursement of Funds to the United States Court of Appeals for the Sixth Circuit on October 2, 2019. (Doc. 119).

Plaintiff asserts in this lawsuit that both the federal and state courts have jurisdiction under the United States and Ohio Constitutions over the claims he brings. (Doc. 4 at 6-8). Plaintiff brings his claims under the Ohio Constitution and federal statutory and constitutional law. (Doc. 4 at 8-15). Plaintiff alleges that his claims are based on various provisions of the United States Constitution related to the power to tax; the "uniformity clause"; and the Fourth Amendment's protection against unreasonable search and seizure; the right to due process; and the right to trial by jury. (*Id.* at 9-12).

Plaintiff claims that defendants attempted to extort him "under color of law" and "under color of office" by engaging in unconstitutional taxation practices in the absence of legitimate subject matter jurisdiction or legal authority. (*Id.*). Plaintiff alleges that defendant committed

"unconstitutional acts" and violated 18 U.S.C. § 872, which criminalizes acts of extortion by federal officers or employees. (*Id.*).

Plaintiff claims that defendant IRS agents and officers committed criminal forgery, which voids the judgment against him in the federal tax case. (Doc. 4 at 14-15, 25-26). Plaintiff alleges that the revenue officers and IRS agents named as defendants "forg[ed] the unauthorized signatures(s) of other persons" on the "Notice(s) of Federal Tax Lien(s)" which formed the basis for the federal civil judgment against him. He contends defendants did so "[b]y using, without authorization, a facsimile image of signatures, instead of using their own signature on the Notice of Federal tax Liens." (Doc. 4 at 14-15, citing Exh. A). Plaintiff alleges that in doing so, "the Agents and Officers have acted only under color of law and color office [sic] (under IRC § 7608(a))."[3] (*Id.*). Plaintiff alleges that the IRS employees violated both "federal and State law," and they do not have a legitimate defense available to them under IRC §§ 7608(a) and 6321[4] because forgery is not an authorized activity. (*Id.* at 15). Plaintiff argues that he will suffer great and irreparable injury if the forged documents that the district court relied upon in the "previous, related litigation" to award judgment to the United Sates can be enforced as legal claims in Kentucky "state land records, offices, and courts." (*Id.*).

Plaintiff claims that defendants have committed fraud in violation of numerous provisions of the Internal Revenue Code and federal IRS regulations. (*Id.* at 10-12, 24-25). He also contends that defendants have violated his constitutional property rights, his rights to equal protection and due process of law, and his right to be secure in his person and property. (*Id.* at 25). Plaintiff further claims that defendants and the IRS have enforced and continue to enforce

---

[3] Section 7608 set forth the authority of internal revenue enforcement officers. 26 U.S.C. § 7608.

[4] Section 6321 creates a lien in favor of the United States on property of an individual who is liable to pay tax and neglects or refuses to pay it after a demand. 26 U.S.C. § 6321.

3

an "unauthorized direct unapportioned tax under the 16th Amendment," and they have attempted to subject him to a "prohibited condition of peonage debt service" and involuntary servitude in violation of the 13th Amendment and "both Constitutions, under color of law and color of office." (Doc. 4 at 22, 26-27). He claims defendants violated his rights in the federal tax case by refusing to recognize his rights to a jury trial and to produce evidence favorable to him during the proceedings. (*Id.* at 18-21).

Plaintiff sums up his allegations and claims as follows:

> Defendants have extortionately committed unlawful threats of force; and are attempting to enforce VOID judgments issued by a federal court lacking subject matter jurisdiction under the 16th Amendment and Article 1, to enforce any direct taxation claims made under alleged authority of the 16th Amendment, for lack of granted enabling enforcement powers thereunder. Thus, unlawfully converting private property in the states of Ohio and Kentucky, under both color of law and color of office, in [sic] blatant multiple violations of the plaintiff's numerous constitutional rights as here-in-above enumerated and articulated under both Constitutions.

(*Id.* at 27).

Based on these allegations, plaintiff brings claims for "fraud, attempted extortion, conversion, conspiracy, peonage, involuntary servitude, and for violations of due process, private property, and the Right to a trial by jury" under the Ohio Constitution and the Constitution and laws of the United States. (*Id.*). Plaintiff requests a jury trial which will afford him due process and remedy the federal and state constitutional and statutory violations defendants have allegedly committed; compensatory and punitive damages; an order requiring defendants to comply with the United States Constitution and the Internal Revenue Code; and all other relief the Court deems proper to make plaintiff whole. (*Id.* at 27-28).

## II. Removal and motion to remand

The United States removed the action to this Court on August 27, 2019, under 28 U.S.C. § 1442(a). (Doc. 1). Plaintiff moves to remand the matter to state court on procedural and substantive grounds. First, plaintiff argues that remand is appropriate because no federal question appears on the face of the complaint and federal subject matter jurisdiction is therefore lacking under 28 U.S.C. § 1441(a).[5] (Doc. 5 at 6-7, 11-12, 19-23). Second, plaintiff argues that defendant United States did not timely file its notice of removal within the 30-day time limit set forth under 28 U.S.C. § 1446(b). (*Id.* at 2). Plaintiff alleges that defendants were served with notice of the complaint by certified mail on July 23, 2019, but the notice of removal was not filed until more than 30 days later on August 27, 2019. (*Id.*). Third, plaintiff asserts that removal of the case from state court was improper because all defendants did not consent to the removal. (*Id.* at 12-15). Plaintiff contends that defendants Ray, Pomatto, Barr, and Van Tatenhove did not file a notice of removal and they did not join the United States in removing the action by signing the notice of removal. (*Id.* at 15-19; Doc. 1). Finally, plaintiff argues that the DOJ attorneys are not authorized to represent any of the named defendants, each of whom have been "served with a copy of the papers in this action." (Doc. 5 at 17-18).

Removal is generally governed by 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The defendant must comply with the procedures set forth in 28 U.S.C. § 1446 when removing a lawsuit. Specifically, the notice of removal must be timely filed pursuant to 28

---

[5] Section 1441(a) provides for the removal of any civil action brought in a state court of which the district courts have original jurisdiction, except where expressly provided otherwise. 28 U.S.C. § 1441(a).

5

U.S.C. § 1446(b)(1), which states in relevant part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). The 30-day removal period begins when the federal defendant receives formal service of process. *Dernis v. Amos Financial*, 701 F. App'x 449, 453 (6th Cir. 2017) (emphasis added)). "Mere receipt of the complaint unattended by any formal service" does not trigger the 30-day removal period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

State rules of civil procedure apply in state court actions prior to removal to federal court. *Dernis*, 701 F. App'x at 453 (citing Fed. R. Civ. P. 81(c)(1)). Service of process is a procedural matter. *Id.* State rules of civil procedure therefore determine whether a defendant was formally served prior to removal. Under Ohio Civ. R. 4, among other requirements, a copy of the complaint must be attached to a summons to properly effect service. Thus, one does not become a party to a case, and is not required to take action in that capacity, until both the summons and the complaint have been served on the individual or entity. *See Murphy Bros., Inc.*, 526 U.S. at 350 (construing Fed. R. Civ. P. 4(a)).

Section 1446(b) requires that all properly joined defendants must join in and consent to the removal "[w]hen a civil action is removed solely under section 1441(a)." 28 U.S.C. § 1446(b)(1). However, § 1446(b)(1) does not apply to actions removed under 28 U.S.C. § 1442 by the United States or a defendant acting under color of federal office. *See Hood v. Sec. Bank of Huntington*, 562 F. Supp. 749, 750 (S.D. Ohio 1983). Section 1442 provides, in relevant part:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

6

> (1) The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . .
>
> . . . .
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

28 U.S.C. § 1442(a). "[T]he right of removal under 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Hood*, 562 F. Supp. at 750 (citing *Willingham v. Morgan*, 395 U.S. 402 (1969)). "Because a federal officer is the only person who can remove a case under section 1442(a)(1), the federal officer may remove even if the other defendants do not join in the petition." *Id.* (citing *Ely Valley Mines v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981)).

If a party files a motion for remand, the court must determine if it has subject matter jurisdiction over the complaint. 28 U.S.C. § 1447(c); *Weil v. Process Equipment Co. of Tipp City*, 879 F. Supp. 2d 745, 748 (S.D. Ohio 2012) (citing *Provident Bank v. Beck*, 952 F. Supp. 539, 540 (S.D. Ohio 1996)). The removing party bears the burden of demonstrating that the district court has jurisdiction over the case. *Id.* (citing *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). "The removal statute should be strictly construed, and all doubts resolved in favor of remand." *Id.* (quoting *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

"[W]hen ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In determining the propriety of removal, courts apply the "well-pleaded complaint rule." *Metropolitan Life Ins.*

7

*Co. v. Taylor*, 481 U.S. 58, 63 (1983). Under the well-pleaded complaint rule, subject matter jurisdiction exists only when an issue of federal law appears on the face of the complaint. *Husvar v. Rapoport*, 430 F.3d 777, 781 (6th Cir. 2005).

### III. Plaintiff's motion should be denied

The Court finds that plaintiff's motion to remand (Doc. 5) should be denied. The United States followed the proper procedures for removal set forth in 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over the complaint.

*A. Timeliness of removal*

Plaintiff argues that defendant's notice of removal was not timely filed within 30 days of service of the complaint under 28 U.S.C. § 1446. (Doc. 5 at 2). Plaintiff contends he served a copy of the complaint on the United States on July 23, 2019, and defendant did not file its notice of removal until more than 30 days later on August 27, 2019. (*Id.*, citing Exh. A). However, the July 23, 2019 date predates the filing of the complaint in state court by two days. (Doc. 1-3). Summons were not issued to defendants until after the complaint was filed. (Doc. 7 at 32-36). The summons and complaint were formally served on Judge Van Tatenhove on July 29, 2019; on defendant Barr on August 1, 2019; and on the United States at the DOJ on August 5, 2019.[6] (*Id.* at 37, 38, 40). The earliest the 30-day removal period began to run for any defendant was July 29, 2019, and it began to run for the United States on August 5, 2019. *Murphy Bros.*, 526 U.S. 344. The United States filed its notice of removal within 30 days of both dates. Thus, the notice of removal was timely filed.

---

[6] The summons issued to Ray was returned as undeliverable. (*Id.* at 39).

### B. Consent of all parties to the removal

Plaintiff also argues that remand is required because all defendants did not unanimously consent to the removal under 28 U.S.C. § 1446(b)(1). (Doc. 5 at 12). But § 1446(b)(1) does not apply to this action, which was removed under 28 U.S.C. § 1442(a). *Hood*, 562 F. Supp. at 750. Any federal defendant was entitled to remove this action under § 1442(a), and the remaining defendants in this case were not required to join and consent to the removal. The United States properly removed the action under 28 U.S.C. § 1442(a)(1), and the removal is not invalid based on the other defendants' failure to join the removal.

### C. Subject matter jurisdiction

Plaintiff argues that this matter must be remanded to state court under the well-pleaded complaint rule. (Doc. 5 at 11). Plaintiff alleges that the complaint does not present a federal question, and the Court therefore lacks subject matter jurisdiction over this matter. (Doc. 5 at 11). Plaintiff asserts that although the complaint refers to federal statutes, the issues here are simple questions of state law involving forgery in state land records. (*Id.* at 23). Plaintiff contends that a federal defense does not create federal question jurisdiction. (*Id.* at 19). Plaintiff also asserts that the Court's exercise of federal jurisdiction will disturb the balance of federal and state judicial responsibilities. (*Id.*). Finally, plaintiff cites several federal statutes which he argues do not confer subject matter jurisdiction on this Court. (*Id.* at 2-3, citing 28 U.S.C. §§ 1340, 1346, and 26 U.S.C. § 6402).

Plaintiff filed this civil action against the United States and the individual federal defendants for actions taken "under color of office," alleging violations of, *inter alia*, the United States Constitution and the Internal Revenue Code. (Doc. 4 at 24- 27). Plaintiff claims the defendants violated his federal constitutional and statutory rights in connection with the federal

tax case and in their capacities as federal officials. As issues of federal law appear on the face of plaintiff's complaint, this Court has original federal question jurisdiction over this matter. 28 U.S.C. § 1331; *Husvar*, 430 F.3d at 781. The United States therefore properly removed the action to this Court under 28 U.S.C. § 1442(a)(1), and remand is not warranted on this ground.

*D. The DOJ's representation of defendants*

Plaintiff argues that the DOJ is not authorized to represent any of the named defendants in this lawsuit. (Doc. 5 at 16, citing 28 C.F.R. § 50.15(a)). Section 50.15(a) states that "a federal employee . . . may be provided representation [by DOJ attorneys] in civil . . . proceedings in which he is sued . . . in his individual capacity . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a). Plaintiff argues that the unlawful conduct he alleges in this case, including defendants' alleged act of unlawfully forging signatures on federal lien instruments in state land record offices, does not "reasonably appear to have been performed within the scope of" defendants' employment. (Doc. 5 at 15-16). Further, plaintiff contends there is no evidence that any defendant followed the procedures set forth in § 50.15(a) for obtaining representation by the DOJ. (*Id.* at 17-18).

The DOJ has the sole discretion to determine whether to represent government agents, and its decision is not subject to judicial review. *Walls v. Holland*, 198 F.3d 248 (Table), 1999 WL 993765, at *2 (6th Cir. Oct. 18, 1999). Plaintiff therefore does not have standing to challenge the DOJ's representation of the United States or any federal officer in this lawsuit. Moreover, even assuming the Court did have the authority to review the DOJ's decisions concerning its representation of federal defendants, plaintiff has not shown there is a valid basis

10

to question a decision by the DOJ to represent any federal defendant in this lawsuit. Plaintiff's claims in this matter arise out of a prior civil suit which the United States brought against him in federal court for violations of federal tax laws. Defendants here are the United States, which was the plaintiff in the earlier case; the United States Attorney General; the federal judge who presided over the federal tax case; and two IRS employees who provided evidence in the federal tax case. Plaintiff's allegations indicate that he has sued these defendants in their official capacity for acts they performed within the scope of their federal employment. Accordingly, plaintiff has not shown there is any bar to the DOJ's exercise of its discretion to represent any named defendant in this action.[7]

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to remand this matter to the Hamilton County, Ohio Court of Common Pleas (Doc. 5) be **DENIED**.

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge

---

[7] Although plaintiff contends there is no evidence defendants followed the required regulatory procedures to secure DOJ representation, § 50.15 does not make a failure to do so actionable or require that a defendant file proof of compliance with the Court.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN K. STEELE,
Plaintiff,

Case No. 1:19-cv-00705
Black, J.
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).