# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN K. STEELE,
    Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No. 1:19-cv-705
McFarland, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff John Steele, proceeding pro se, originally filed this action in the Hamilton County, Ohio Court of Common Pleas on July 25, 2019. (Doc. 1-3; *see also* Doc. 4). He named as defendants the United States, "assessment officer" Benjamin F. Ray, Department of Justice (DOJ) witness Rebecca Pomatto, United States District Court Judge Gregory F. Van Tatenhove, and United States Attorney General William P. Barr. The United States removed the action to this Court pursuant to 28 U.S.C. § 1442.[1] This matter is before the Court on defendants' motion to dismiss (Doc. 8), plaintiff's response in opposition (Doc. 10), and defendants' reply memorandum (Doc. 11).

**I. Allegations of the complaint**

The undersigned summarized the allegations of plaintiff's complaint in a Report and Recommendation issued on December 10, 2019 as follows:

> Plaintiff's complaint alleges that defendants violated his federal constitutional and other rights in the course of a prior civil suit which the United States brought against him on behalf of the Internal Revenue Service (IRS) for failure to pay federal income taxes. *See United States v. Steele*, No. 3:16-cv-00095, 2018 WL

---

[1] Section 1442 authorizes the removal of a civil action against or directed to the United States, its agencies, and its officers, in an official or individual capacity, and any officer of its courts, for any act under color of office. 28 U.S.C. § 1442(a). Plaintiff filed a motion to remand the matter to state court (Doc. 5), which the Court has denied (Doc. 15).

298778 (E.D. Ky. Jan. 3, 2018) (the federal tax case). In support of a motion for partial summary judgment filed in that case, the United States provided Certificates of Assessment for ten tax years and a sworn statement by Pomatto, an IRS Revenue Officer, setting forth Steele's total indebtedness to the United States. (*Id*. at *2). Judge Van Tatenhove granted the United States' motion and found that plaintiff was "indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54 as of October 31, 2016." (*Id.* at *3). Judge Van Tatenhove granted a consent motion for the disbursement of funds (*See* Case No. 3:16-00095, Doc. 117) and dismissed the lawsuit on September 3, 2019 (*Id.*, Doc. 118). Plaintiff appealed the Court's Order on Motion for Disbursement of Funds to the United States Court of Appeals for the Sixth Circuit on October 2, 2019. (Doc. 119).

Plaintiff asserts in this lawsuit that both the federal and state courts have jurisdiction under the United States and Ohio Constitutions over the claims he brings. (Doc. 4 at 6-8). Plaintiff brings his claims under the Ohio Constitution and federal statutory and constitutional law. (Doc. 4 at 8-15). Plaintiff alleges that his claims are based on various provisions of the United States Constitution related to the power to tax; the "uniformity clause"; the Fourth Amendment's protection against unreasonable search and seizure; the right to due process; and the right to trial by jury. (*Id*. at 9-12).

Plaintiff claims that defendants attempted to extort him "under color of law" and "under color of office" by engaging in unconstitutional taxation practices in the absence of legitimate subject matter jurisdiction or legal authority. (*Id*.). Plaintiff alleges that defendants committed "unconstitutional acts" and violated 18 U.S.C. § 872, which criminalizes acts of extortion by federal officers or employees. (*Id*.).

Plaintiff claims that defendant IRS agents and officers committed criminal forgery, which voids the judgment against him in the federal tax case. (Doc. 4 at 14-15, 25-26). Plaintiff alleges that the revenue officers and IRS agents named as defendants "forg[ed] the unauthorized signatures(s) of other persons" on the "Notice(s) of Federal Tax Lien(s)" which formed the basis for the federal civil judgment against him. He contends defendants did so "[b]y using, without authorization, a facsimile image of signatures, instead of using their own signature on the Notice of Federal tax Liens." (Doc. 4 at 14-15, citing Exh. A). Plaintiff alleges that in doing so, "the Agents and Officers have acted only under color of law and color office [sic] (under IRC § 7608(a))."[2] (*Id*.). Plaintiff alleges that the IRS employees violated both "federal and State law," and they do not have a legitimate defense available to them under IRC §§ 7608(a) and 6321[3] because forgery is not an authorized activity. (*Id*. at 15). Plaintiff argues that he

---

[2] Section 7608 sets forth the authority of internal revenue enforcement officers. 26 U.S.C. § 7608.

[3] Section 6321 creates a lien in favor of the United States on property of an individual who is liable to pay tax and neglects or refuses to pay it after a demand. 26 U.S.C. § 6321.

2

will suffer great and irreparable injury if the forged documents that the district court relied upon in the "previous, related litigation" to award judgment to the United Sates can be enforced as legal claims in Kentucky "state land records, offices, and courts." (*Id.*).

Plaintiff claims that defendants have committed fraud in violation of numerous provisions of the Internal Revenue Code and federal IRS regulations. (*Id*. at 10-12, 24-25). He also contends that defendants have violated his constitutional property rights, his rights to equal protection and due process of law, and his right to be secure in his person and property. (*Id.* at 25). Plaintiff further claims that defendants and the IRS have enforced and continue to enforce an "unauthorized direct unapportioned tax under the 16th Amendment," and they have attempted to subject him to a "prohibited condition of peonage debt service" and involuntary servitude in violation of the 13th Amendment and "both Constitutions, under color of law and color of office." (Doc. 4 at 22, 26-27). He claims defendants violated his rights in the federal tax case by refusing to recognize his rights to a jury trial and to produce evidence favorable to him during the proceedings. (*Id.* at 18-21).

Plaintiff sums up his allegations and claims as follows:

Defendants have extortionately committed unlawful threats of force; and are attempting to enforce VOID judgments issued by a federal court lacking subject matter jurisdiction under the 16th Amendment and Article 1, to enforce any direct taxation claims made under alleged authority of the 16th Amendment, for lack of granted enabling enforcement powers thereunder. Thus, unlawfully converting private property in the states of Ohio and Kentucky, under both color of law and color of office, in [sic] blatant multiple violations of the plaintiff's numerous constitutional rights as here-in-above enumerated and articulated under both Constitutions. (*Id*. at 27).

Based on these allegations, plaintiff brings claims for "fraud, attempted extortion, conversion, conspiracy, peonage, involuntary servitude, and for violations of due process, private property, and the Right to a trial by jury" under the Ohio Constitution and the Constitution and laws of the United States. (*Id*.). Plaintiff requests a jury trial which will afford him due process and remedy the federal and state constitutional and statutory violations defendants have allegedly committed; compensatory and punitive damages; an order requiring defendants to comply with the United States Constitution and the Internal Revenue Code; and all other relief the Court deems proper to make plaintiff whole. (*Id*. at 27-28).

(Doc. 12 at 1-4).

## II. Motion to dismiss

Defendants contend that plaintiff's tax-related claims against the United States and its officers are barred by the doctrine of sovereign immunity; plaintiff cannot pursue a *Bivens*[4] action against the United States or the individual federal officers for alleged violations of his constitutional rights while acting under color of federal law; plaintiff cannot bring a claim against the United States under 26 U.S.C. § 7433 to recover damages in this matter; and plaintiff is barred from seeking injunctive relief by the Anti-Injunction Act, 26 U.S.C. § 7421. (Doc. 8). Defendants further assert that the Court lacks personal jurisdiction over Judge Van Tatenhove, and he is entitled to judicial immunity from monetary damages. Finally, defendants argue that plaintiff is barred from relitigating claims related to his federal tax liability for the years 2000 through 2010 under the doctrine of res judicata.

### 1. Standard of review

When deciding a Rule 12(b)(6) motion to dismiss, the Court must construe all factual allegations as true and in the light most favorable to the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin–Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Fed. R. Civ. P. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Keys*, 684 F.3d at 608 (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The "[f]actual allegations

---

[4] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens* the Supreme Court "recognized a cause of action against federal officials for certain constitutional violations when no alternative processes exist to protect the plaintiff's interests and no special factors counsel against recognizing the cause of action." *Zundel v. Holder*, 687 F.3d 271, 279 (6th Cir. 2012) (citations omitted)).

must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly,* 550 U.S. at 555, 570). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal,*556 U.S. 662, 678 (2009)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction can present a facial or factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack on the Court's subject matter jurisdiction alleged in the complaint "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When resolving a facial challenge, the Court accepts the factual allegations of the complaint as true and construes the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc*., 186 F.3d 717, 721-22 (6th Cir. 1999). If the motion presents a factual challenge, the Court may consider evidence outside the pleadings to determine if jurisdiction exists. *See Nichols*, 318 F.3d at 677. Further, there is no presumption of truthfulness in favor of the non-moving party. *A.D. Roe Co., Inc*., 186 F.3d at 722. Plaintiff has the burden of showing jurisdiction exists to survive a 12(b)(1) motion to dismiss. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990)).

Documents filed by pro se plaintiffs are "to be liberally construed" and pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erikson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a pro se litigant

is required to meet "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

   2. **Defendants' motion to dismiss should be granted**

   *i. Claims against the United States and its agents*

Defendants move to dismiss plaintiff's claims related to his federal income tax debt and liability. (Doc. 8). Defendants allege that because plaintiff sues the individual defendants in their official capacities, all of plaintiff's tax-related claims must be construed as claims against the United States. (*Id*. at 6-7, citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.")). The United States alleges that plaintiff's tax-related claims against it are barred under the doctrine of sovereign immunity and therefore must be dismissed for lack of subject matter jurisdiction. (*Id*. at 7-8). Defendants argue that although the United States has waived its immunity from suit for certain damages actions under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, the United States has not waived its sovereign immunity as to the damages claims plaintiff brings here.

The United States, as a sovereign, is immune from suit except where it has waived its immunity. *United States v. Mitchell,* 463 U.S. 206 (1983). The doctrine of sovereign immunity deprives the federal court of subject matter jurisdiction in a lawsuit against the United States absent the government's express consent to be sued. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016); *see also CareToLive v. von Eschenbach,* 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007). In a case such as this, where a federal officer is sued in his or her official capacity, the federal officer may assert sovereign immunity. *Lewis v. Clarke*, -- U.S.--, 137 S. Ct. 1285, 1286-87 (2017) (citing *Graham,* 473 U.S. at 167). The party who brings a

claim against the United States has the burden "to allege an action of Congress that authorizes the Court to entertain that specific claim." *Munaco v. U.S.*, 502 F. Supp. 2d 614, 616 (E.D. Mich. 2007), *aff'd,* 522 F.3d 651 (6th Cir. 2008) (quoting *Malone v. Bowdoin,* 369 U.S. 643, 645 (1962)).

Defendants the United States and its agents assert they have not waived their consent to be sued on plaintiff's tax-related claims under any potentially applicable statutes or laws. First, defendants contend they have not waived their immunity against tax-related damages claims under the FTCA. (Doc. 8 at 7). The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671-2680, "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. U.S.*, 569 U.S. 50, 52 (2013) (quoting *Levin v. United States,* 568 U.S. 503, 506 (2013) (internal quotation marks omitted)). The FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property . . . caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Id*. (quoting 28 U.S.C. § 1346(b)(1)). 28 U.S.C. § 2680 sets forth exceptions to the waiver of immunity. *Id*. Section 2680(c) makes an exception to the waiver of immunity for "[a]ny claim arising in respect of the assessment or collection of any tax. . . ." 28 U.S.C. § 2680(c). Thus, § 2680(c) "specifically retains the government's sovereign immunity" as to any such tax claim. *Munaco v. U.S.*, 502 F. Supp. 2d 614, 619 (E.D. Mich. 2007), *aff'd,* 522 F.3d 651 (6th Cir. 2008) (citing 28 U.S.C. § 2680(c)).

However, the United States has consented to be sued for the *recovery* of taxes under certain circumstances. The United States has waived its immunity under 28 U.S.C. § 1346(a)(1) for "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to

have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." *Dunlap v. Lew*, No. 16-3658, 2017 WL 9496075, at *2 (6th Cir. June 2, 2017) (quoting 28 U.S.C. § 1346(a)(1)). *See also E.W. Scripps Co. v. U.S.*, No. 1:01-cv-434, 2002 WL 31477137, at *2 (S.D. Ohio Sept. 16, 2002), *aff'd sub nom. E.W. Scripps Co. and Subsidiaries v. U.S.*, 420 F.3d 589 (6th Cir. 2005) ("section 1346(a)(1), together with 26 U.S.C. § 7422(a), waives sovereign immunity with respect to refund suits by taxpayers to recover internal revenue taxes alleged to have been erroneously or illegally assessed") (citing *Miller v. United States,* 784 F.2d 728, 731 (6th Cir.1986)).

While § 1346(a)(1) provides recourse against the United States for a taxpayer who alleges his taxes have been erroneously or illegally collected, the statute must be read in conjunction with other "statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *Dunlap*, 2017 WL 9496075, at *2 (quoting *United States v. Dalm*, 494 U.S. 596, 601, 602 (1990)). Before filing suit under § 1346(a)(1), a taxpayer must (1) file a claim for a refund or credit with the IRS (26 U.S.C. § 7422(a)); (2) file suit within two years of the IRS's disallowance of the claim (26 U.S.C. § 6532(a)(1)); and (3) "generally pay his . . . full tax liability before filing suit in federal court" (*Flora v. United States*, 357 U.S. 63, 75-76 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960)). *Id*.

Plaintiff cannot pursue a claim in this action under 28 U.S.C. § 1346(a)(1). Plaintiff does not allege that he seeks a refund of taxes paid. Plaintiff instead requests compensatory, prospective, and punitive damages which do not appear to correspond to tax amounts that have been assessed against him. Plaintiff has not otherwise indicated in the complaint that he has paid taxes which he seeks to recover in this lawsuit under § 1346(a)(1). Further, plaintiff cannot pursue a claim under § 1346(a)(1) because he does not allege that he has satisfied the

8

administrative prerequisites by filing a claim with the IRS and paying his full tax liability before filing this lawsuit. *See Dunlap*, 2017 WL 9496075, at *2. Finally, plaintiff has not alleged facts which, if accepted as true, support a finding that the United States erroneously or illegally assessed or collected a tax or penalty under the internal revenue laws. *See* 28 U.S.C. § 1346(a)(1). Plaintiff's tax-related claims are essentially based on his belief that the imposition of federal income taxes is unconstitutional and he should not be legally required to pay taxes, which is insufficient to establish a claim under the statute. *See Dunlap,* 2017 WL 9496075. Thus, plaintiff cannot pursue a claim for damages against the United States and its agents under § 1346(a)(1).

Defendants also contend that the United States has not waived its immunity from suit under 26 U.S.C. § 7433, which defendants claim is the "exclusive remedy for recovering damages [arising] from the unauthorized collection of taxes." (Doc. 8 at 8). Section 7433 allows a taxpayer to bring a civil action "for actual, direct economic damages proximately caused by an IRS agent's reckless or intentional [or negligent] disregard of the Internal Revenue Code." *Munaco*, 502 F. Supp. 2d at 617 (citing 26 U.S.C. § 7433). Section 7433 provides that the statute shall be "the exclusive remedy for recovering damages resulting from such actions" except as provided in § 7432. 26 U.S.C. § 7433. Section 7432(a) allows a taxpayer to bring an action for damages against the IRS if "an officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). Sections 7432 and 7433 both require that the plaintiff "exhaust[] the administrative remedies available to [him] with the [IRS]" before a judgment for damages can be awarded. *Munaco*, 502 F. Supp. 2d at 617; 26 U.S.C. §§ 7432(d)(1), 7433(d)(1).

Plaintiff has not stated a claim for relief for damages against the United States under § 7433 or § 7432. Plaintiff does not allege that he has exhausted any available administrative remedies with the IRS. Further, plaintiff has not alleged facts to support a finding that an IRS officer or employee recklessly, intentionally, or negligently disregarded an IRS statute or regulation in assessing a tax against plaintiff for the 2000 through 2010 tax years so as to state a claim for relief under § 7433(a). Plaintiff also has not alleged facts to show that an IRS employee or officer knowingly or negligently failed to release a lien under § 6325 on plaintiff's property so as to state a claim for relief under § 7432(a). Thus, plaintiff cannot pursue a claim for damages against the United States under § 7433 or § 7432.

Defendants also contend that while plaintiff requests only damages as relief in this lawsuit, his claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421, to the extent he seeks to restrain the assessment or collection of any tax. (Doc. 8 at 9). The Act provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ." 26 U.S.C. § 7421(a)(1)). *See also Dunlap*, 2017 WL 9496075, at *2. The Anti–Injunction Act "deprives the district court of its jurisdiction to the extent it applies." *Id*. (quoting *Shifman v. I.R.S.*, No. 95-1910, 1996 WL 721787, at *1 (6th Cir. Dec. 13, 1996)). Thus, to the extent plaintiff seeks injunctive relief related to the assessment or collection of his taxes, his claims are barred.

Finally, defendants argue that plaintiff cannot pursue claims for constitutional violations and other "tort-like claims" based on acts the individual defendants committed in their official capacities while enforcing federal tax laws. (Doc. 8 at 8, citing *Bivens*, 403 U.S. 388). Under *Bivens*, an action for money damages may be brought against federal agents acting under the color of their federal authority for injuries caused by their unconstitutional conduct. *Mueller v.*

*Gallina,* 137 F. App'x 847, 850 (6th Cir. 2005). For liability to lie, plaintiff must show causation between the official's conduct and the alleged injury. *Beasley v. Poole*, No. 1:11-cv-63, 2011 WL 2689347, at *6 (E.D. Tenn. July 11, 2011). However, claims against federal government officials in their official capacities cannot be brought under *Bivens*; suing government officials in their official capacities "is the same as bringing suit against the United States," and "sovereign immunity protects the United States government and its officers and employees acting in official capacities from *Bivens* claims."[5] *Id.* at *6-7 (citing *Hafer v. Melo,* 502 U.S. 21 (1991); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002)). Thus, to the extent plaintiff brings claims against the individual defendants in their official capacities under *Bivens,* the United States has not waived its sovereign immunity and those claims should be dismissed. *Id. See also Grace v. Thomas*, No. 92-cv-70253-DT, 2000 WL 206336, at *4 (E.D. Mich. Jan. 3, 2000) (citing *Amsberg v. United States,* 757 F.2d 971, 980 (1985)).

The United States retains sovereign immunity against plaintiff's tax-related claims. Even if the United States had waived sovereign immunity, plaintiff has failed to exhaust all available administrative remedies as required to pursue his claims against the Government. Plaintiff's tax-related claims against the United States and its agents should therefore be dismissed. *See Munaco*, 502 F. Supp. 2d at 619.

### ii. *Claims against Judge Van Tatenhove*

Judge Van Tatenhove asserts that plaintiff's claims against him must be dismissed because the Court lacks personal jurisdiction over him, and he is entitled to judicial immunity.

---

[5] *Bivens* actions are brought against a federal agent in his individual capacity and claims against a federal agent in his official capacity are usually brought against the United States under the FTCA. *Id.* (citing *FDIC v. Meyer,* 510 U.S. 294 (1991)).

11

(Doc. 8 at 9-10). The Court finds the claim of judicial immunity is dispositive and that it is not necessary to address the personal jurisdiction issue.

Judges are largely immune from liability for acts they commit while functioning within their judicial capacity. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991)). A plaintiff can overcome a claim of judicial immunity only where: 1) the judge's acts were clearly non-judicial in nature and therefore outside the scope of the judge's judicial capacity; or 2) the judge's actions were taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12. The factors that are relevant to whether an act is judicial in nature are: 1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and 2) "whether [the parties] dealt with the judge in his judicial capacity." *Id.*

Judge Van Tatenhove is entitled to absolute judicial immunity based on the allegations of the complaint. Presiding over the civil lawsuit against plaintiff in the federal district court, and rendering a judgment in the lawsuit, are functions normally performed by a judge. Further, the parties to the prior lawsuit dealt with the judge in his judicial capacity. Plaintiff does not allege any facts to suggest that Judge Van Tatenhove acted outside his judicial capacity or in the absence of all jurisdiction. Judge Van Tatenhove is therefore entitled to absolute judicial immunity on plaintiff's claims against him. These claims should be dismissed.

    *iii. Claims barred by the doctrine of res judicata*

Defendants argue that to the extent plaintiff's claims are not otherwise barred, plaintiff is precluded from bringing his claims under the doctrine of res judicata, or claim preclusion. (Doc. 8 at 11-12). The doctrine precludes parties from bringing claims when 1) a court of competent jurisdiction has issued a final decision on the merits; 2) the subsequent action is between the same parties or their privies as the previous action; 3) an issue in the subsequent action should

have been or was litigated in the prior action; and 4) the causes of action in the prior and subsequent lawsuit are identical. *Golden v. Comm'r*, 548 F.3d 487, 494 (6th Cir. 2008).

Here, plaintiff's claims are barred by the doctrine of res judicata insofar as his claims relate to the assessment of tax liability for the years 2000 through 2010. First, a court of competent jurisdiction issued a decision on the merits of plaintiff's tax liability and held that plaintiff was "indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54" for the 2000 through 2010 tax years. *Steele*, 2018 WL 298778, at *3.

Second, plaintiff's tax-related claims involve the same parties. Plaintiff sues the United States and its officers and agents, who were acting in their official capacity in enforcing federal income tax laws. As discussed *supra*, plaintiff's claims must therefore be treated as claims against the United States, which was the plaintiff in the prior civil lawsuit against him.

Third, the tax-related claims plaintiff brings here are an attempt to relitigate issues of tax liability that were decided in the prior lawsuit. Plaintiff argued in the prior suit that he does not have an obligation to pay federal income taxes. *Steele*, 2018 WL 298778, at *2. Plaintiff makes similar allegations here. The district court rejected plaintiff's position in the prior lawsuit and found plaintiff liable for the disputed tax obligations. Plaintiff cannot relitigate his tax obligations and liability in a subsequent lawsuit.

Finally, plaintiff brings causes of action in both the prior lawsuit and this case related to his tax liability and debt for the years 2000 through 2010. A judgment determining his tax liability and debt for these years was rendered in the prior action. Plaintiff is barred from pursuing causes of action related to his tax liability and debt in this action. *See Grace*, 2000 WL 206336, at *5.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss the complaint (Doc. 8) be **GRANTED.**

Date: April 9, 2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN K. STEELE,  
    Plaintiff,

Case No. 1:19-cv-00705  
McFarland, J.  
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,  
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).